IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDEN SHAWN HALUSKA,

        Petitioner,

    v.

JAMIE MILLER,

        Respondent.

Case No. 2:24-cv-02076-SI

OPINION AND ORDER

SIMON, District Judge.

    Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on December 16, 2024 challenging his Coos County criminal Judgment dated August 29, 2016. His initial Petition for Writ of Habeas Corpus (#2) did not, however, contain any discrete grounds for relief. As a result, the Court dismissed the Petition and advised Petitioner that if he wished to continue, he must file an amended petition in which he stated identifiable grounds for relief. On March 17, 2025, he filed his Amended Petition for Writ of Habeas Corpus (#8) setting forth grounds for relief, and the Court permitted the case to proceed.

    In response to the Court's Scheduling Order (#9), Respondent timely filed his Answer (#16) and Response (#15) together on July 24, 2025. He asks the Court to dismiss this case

because Petitioner failed to file the case within the Anti-terrorism and Effective Death Penalty Act's ("AEDPA's") one year statute of limitations. *See* 28 U.S.C. 2244(d)(1)(A). By the terms of the Scheduling Order, Petitioner's supporting memorandum was due on September 22, 2025. He has not, however, filed such a brief nor has he provided any argument to rebut the State's contention that he failed to timely file this case.

"The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). The record reveals that Petitioner's direct appeal became final for purposes of the AEDPA on February 6, 2019 when his time to petition the U.S. Supreme Court for *certiorari* expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (tolling AEDPA statute of limitations during the 90-day certiorari window irrespective of whether a petitioner seeks such review). Petitioner filed for state post-conviction relief ("PCR") before that date, and the filing of the PCR action tolled the AEDPA's statute of limitations until the conclusion of Petitioner's PCR appeals. *See* 28 U.S.C. § 2244(d)(1)(A). As a result, the one-year statute of limitations did not begin to run until September 14, 2023 when Petitioner's time to seek reconsideration of the Oregon Supreme Court's PCR decision expired. *See Melville v. Shinn*, 68 F.4th 1154, 1160-61 (9th Cir. 2023) (AEDPA statute of limitations begins to run after the last date for seeking any further review in state court, not the date the appellate judgment issues). Thus he was required to file this case on or before September 13, 2024.

When Petitioner filed his initial Petition (#2) on December 16, 2024, he had already allowed 459 untolled days to elapse, thereby missing the AEDPA's one-year statute of limitations by 94 days. By the time he presented identifiable claims for the first time by filing his Amended Petition (#8) on March 17, 2025, another 91 untolled days had elapsed for a total of 550 untolled days. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (the filing of a federal habeas corpus action does not toll the AEDPA's statute of limitations). Thus, irrespective of whether the Court were to use the filing date of his original Petition or his Amended Petition in its statute of limitations calculations, Petitioner failed to timely file this case.[1]

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#8) is dismissed. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

October 21, 2025
DATE

Michael H. Simon
United States District Judge

---

[1] The claims contained within the Amended Petition do not relate back to the filing of the original Petition for statute of limitations purposes because Petitioner raised no claims raised in the original Petition. *See Mayle v. Felix*, 545 U.S. 644, 657 (2005) (a claim in an amended petition will only relate back to the date of a preceding petition if the claim is of the same "time and type" as a claim in contained in the petition).

3 - OPINION AND ORDER